EBY, APPELLANT, *v.* ULRICH, APPELLEE.

(No. 1862—Decided April 10, 1946.)

*Mr. D. H. Wysong,* for appellant.

*Mr. Frank List, Jr.,* and *Messrs. Murr & Murr,* for appellee.

WISEMAN, J.   This is an appeal on questions of law from the judgment of the Common Pleas Court of Montgomery county.

The action was one for damages founded on the alleged negligence of the defendant in constructing a ditch which the plaintiff claimed drained the water from the defendant's land and caused it to flow onto the plaintiff's land, to the plaintiff's damage.

During the trial of the case the members of the jury were taken to view the premises, in charge of the bailiff under proper instructions of the court.

The jury returned a verdict for the defendant. A motion for new trial was overruled, which motion was grounded on misconduct of the defendant, his wife, the defendant's attorneys and members of the jury. Plaintiff has assigned as error, that in overruling the motion for new trial the trial court committed prejudicial error.

The plaintiff contends that the defendant was guilty of misconduct at the time the jury was taken to view the premises, in that the defendant conversed with certain members of the jury relative to a dead bird which he held in his hands. The record does not disclose that the defendant conversed with any members of the jury at any time in regard to the case. The court took testimony on the motion for new trial relative to the question of misconduct. The plaintiff's son testified that he heard the defendant say, "Now you can observe all the rocks that were washed out." However, the record does not disclose that this statement was made in the presence of the members of the jury, but that the statement was directed to the defendant's

attorneys, who at that time were not close enough to the members of the jury for them to hear the statement. The bailiff testified that the instructions of the court, that no one should speak to the members of the jury on any subject connected with the case, were not violated.

Plaintiff further contends that after the premises were viewed, the women members of the jury, at the suggestion of someone in the group, were permitted to use the toilet in the residence of the defendant, at which time they came in contact with the defendant's wife. One of the women jurors testified that she was the last person to leave the residence and as she was leaving the defendant's wife asked her whether she wanted a drink of water. It is the contention of the plaintiff that the minds of the jurors were prejudiced against the plaintiff by this casual meeting with the defendant's wife.

Section 11420-2, General Code, which gives the court authority to order a view of the premises, provides in part as follows:

"While the jurors are thus absent, no person, other than the persons so appointed, shall speak to them on any subject connected with the trial."

The record in this case does not show any conduct on the part of the defendant, defendant's wife, defendant's attorneys or any members of the jury which would be in violation of the provisions of this section of the Code. The conversations which took place between the defendant and the members of the jury, and the defendant's wife and women members of the jury were on subjects wholly unrelated to the case and there is nothing in the record to indicate that the minds of the jurors were influenced by such conversations. The authorities cited by counsel for the plaintiff have no application to the facts in this case.

This court having determined that there was no misconduct shown, the trial court did not commit error in overruling the motion for new trial. The judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.